## William Whitla v. S. T. Taylor.

Where a person who had furnished materials to a contractor for the erection of a building, took a note, specifying that it was for materials furnished the contractor, and gave a receipt, acknowledging payment in a note, *Held :* that under the circumstances, he was not debarred by the receipt, from claiming to be paid out of the funds of the contractor in the hands of the owner, the requisite notice under the act of March, 18th 1844, having been given.

Under the act of March, 18th 1844, material men and workmen have no privilege upon the building, even after giving the notice therein required, unless the contractor has himself a privilege.

Under art. 2746, C. C., the contractor has no privilege upon the building where the contract exceeds five hundred dollars, unless the contract be reduced to writing, and recorded in the mortgage office.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *T. W. Collens,* for plaintiff. *P. S. Warfield,* for defendant. The judgment of the court was pronounced by

SLIDELL, J. *Whitla* furnished materials for a building which *Payne* was erecting for *Taylor.* During the execution of the work, *Payne* gave *Whitla* a promissory note dated December, 19th, 1849, and payable ten days from date, for $328 52, stated in the note to be "for lumber furnished and delivered to *Sewell Taylor's* buildings on Hevia street." Upon the back of this, *Whitla,* on the same day, wrote a declaration, that the claim stated in the note was correct; which he subscribed and swore to before a justice, and caused a copy of the note and affidavit, together with a copy of the account for lumber, sworn to before a justice, to be delivered to *Taylor,* in the latter part of December, 1849. It is further proved, that before the note fell due, it was exhibited to *Taylor,* who, being asked to discount it, offered to give $250 for it, which was declined. When the note was given, *Whitla* gave *Payne* a receipt at the foot of his account in these words. " Received payment by note, payable ten days from date."

As the note expresses on its face a promise to pay so much for the lumber, we should violate the intentions of the parties if we considered *Whitla* as abandoning his position as a creditor, for lumber furnished and not paid for. We would do wrong to look only to the language of the receipt, and construe it with technical rigor, disregarding the language of a contemporaneous instrument, directly connected with it and the surrounding circumstances.

We are unable to perceive why an indulgence of a few days given to *Payne* should affect *Whitla's* right to stop any monies in *Taylor's* hands, under the statute. The term had probably run out when service was made. If there was any loss of interest for a day or two, it would fall on *Payne ;* but that he could and did virtually consent to,

The defendant has not proved any default by *Payne ;* nor has he shown what payments he has made. There may be equities in defendant's favor against *Payne,* but the evidence before us does not prove them.

We think, however, the judgment was erroneous in granting a privilege. Under the statute of 1844, the workman and furnisher of materials may, by the means prescribed, stop monies in the hands of the proprietor, and thus

acquire a money claim against him, even if the contract is not registered. In addition, he may acquire a subrogation to the contractor's privilege, if the contractor has one. See sec. 4, p. 35.   But here it does not appear that *Payne* had a privilege, for there is no evidence that the contract, which exceeded $500, was recorded.   It will be observed, that the language of article 2746 is peculiar, and no privilege exists, in contracts over $500, even as between the contractor and the proprietor, without recording.   For the enjoyment of the privilege, the contract must be "reduced to writing, and registered with the recorder of mortgages."  See *Spence* v. *Brooks, ante*, p. 63.   *Taylor* v. *Crain.*  16 L. R. 294.

It is decreed, that the judgment so far as it confers a privilege be reversed, and that the privilege claimed be refused ; and that in other respects the judgment be affirmed ; the plaintiff paying the costs of the appeal.